CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-0233V

|  |  |
|---|---|
| DEANNA CUCCIA, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 27, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Deanna Cuccia, Greenwood Lake, NY, Pro Se, for Petitioner.*

*Dima Jawad Atiya, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 15, 2024, Deanna Cuccia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a tetanus, diphtheria, acellular pertussis and influenza vaccines on October 4, 2022. Petition, ECF No. 1. On October 21, 2025, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 44.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Prior to the favorable Decision, Petitioner's former counsel (David Carney, Esq.) filed a motion to withdraw as attorney, which I granted on August 22, 2025. ECF Nos. 31, 32. Mr. Carney has now filed a motion for attorney's fees and costs, requesting an award of $33,487.63 (representing $30,992.75 in fees plus $2,494.88 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed August 18, 2025, ECF No. 30. Furthermore, Petitioner filed a signed statement representing that she incurred personal out-of-pocket expenses in the amount of $69.50. ECF No. 46.

Respondent reacted to the Fees Motion on September 2, 2025, stating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 38.

At the same time, Petitioner filed an "Opposition to Attorney's Fees" disputing counsel's entitlement to fees. ECF No. 37. In her opposition, Petitioner makes claims about Mr. Carney's conduct and his work as her counsel in this matter. *Id.* Otherwise, Petitioner filed no reply in the wake of Respondent's brief.

## ANALYSIS

Whether or not Petitioner has grounds to challenge the sufficiency or adequacy of counsel's representation of her is of no moment for present purposes. Petitioner was awarded compensation for her Vaccine Act claim, and under such circumstances her counsel is entitled to *reasonable* fees. Section 15(e)(1). Petitioner's individual opposition brief, moreover, does not establish any basis for finding that the fees sought herein were unreasonably incurred – and those fees, of course, are paid not by Petitioner but through the Vaccine Fund (and hence she has no personal responsibility for them). And to the extent Petitioner has any legally viable and/or legitimate argument about the services provided her by former counsel, those are not matters to be litigated in this forum.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2025 are reasonable and consistent with our prior determinations. And the time spent on the matter was reasonable under the circumstances, and thus is properly awarded with no adjustment. Furthermore, prior counsel provided supporting documentation for all claimed costs. ECF No. 30 at 28-57. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs as follows:

**A lump sum of $69.50, representing reimbursement for Petitioner's out of pocket costs, to be paid in the form of a check made payable to Petitioner; and**

**A lump sum of $33,487.63, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to former counsel, David J. Carney's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**The Clerk's Office is also directed to serve a copy of this decision on *the pro se* Petitioner, Deanna Cuccia, and Petitioner's former counsel, Dave Carney.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.