# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-0233V

|  |  |
|---|---|
| DEANNA CUCCIA, | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Filed: May 28, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Deanna Cuccia, Pro Se Petitioner.*

*Dima Jawad Atiya, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER DENYING MOTION TO LIMIT SERVICE

On February 15, 2024, Deanna Cuccia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, or in the alternative a caused-in-fact injury, after receiving tetanus, diphtheria, acellular pertussis and influenza vaccines on October 4, 2022. Petition at 1 ¶¶ 4, 26-27. The case was assigned to the Special Processing Unit of the Office of Special Masters. ECF No. 9.

On August 18, 2025, Petitioner's counsel filed a motion to withdraw, and a motion for interim attorney's fees and costs. ECF Nos. 30-31. Four days later, on August 22, 2025, I granted the motion to withdraw. ECF No. 32. On August 27, 2026, Petitioner informed me that she did not wish to retain new counsel but chose instead to proceed *pro se.* ECF No. 36.

---

[1] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

After the parties reached an informal agreement regarding damages, I issued a decision awarding Petitioner an amount based upon Respondent's proffer. Damages Decision, issued Oct. 21, 2025, ECF No. 44. On November 3, 2025, Petitioner filed a timely motion, seeking reimbursement of her out-of-pocket litigation costs. ECF No. 46.

More than one month later, and prior to any action on the pending motions for attorney's fees and costs, Petitioner filed a motion "request[ing] that David John Carney, previously listed as counsel of record, be removed from the electronic service list in this case." ECF No. 52. Noting that she "previously raised this issue informally, but the electronic service list still includes former counsel, Petitioner requests that the list be updated so that all future notices and filings are sent only to Petitioner and Respondent's counsel." *Id.* Respondent filed no response.

Due to the pendency of the motion for attorney's fees and costs properly filed by Mr. Carney in this case, it is important that he continue to be notified of any future filings. Although I issued a Fee Decision which addresses both motions, like Petitioner, Mr. Carney will need to be aware of future filings, such as the subsequent Judgment. And Ms. Cuccia has failed to explain how she will be harmed by allowing continued service to Mr. Carney. In fact, Mr. Carney's receipt of future notifications directly from the Court eliminates the need for Petitioner to inform him of future actions.

## Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds sufficient to justify her request that I remove Mr. Carney from the list of individuals receiving electronic service in this case, and I therefore **DENY the motion.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

2